UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************
Kimberly R. Lyndes,            *
    Plaintiff               *
                            *
v.                             *
                            *
Dover School District, SAU #11 *
    Defendant               *
*******************************

## COMPLAINT
**Jury Trial Requested**

NOW COMES the plaintiff Kimberly R. Lyndes, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.**  **Parties**

1. The plaintiff Kimberly R. Lyndes is a former employee of the defendant Dover School District, SAU#11. The plaintiff resides at 145 Durham Road, Dover, New Hampshire.

2. The defendant Dover School District, SAU #11 is a New Hampshire school district with a principal place of business located at 61 Locust Street, Suite 409, Dover, New Hampshire.

**II.**  **Jurisdiction and Venue**

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. The Court may exercise supplemental jurisdiction over the plaintiff's State law claims. The Court has personal jurisdiction over the defendant because it is a resident of New Hampshire.

4. Venue is proper because the acts and omissions giving rise to this action occurred within this judicial district.

**III.    Facts**

5.     Plaintiff Kimberly Lyndes served as the principal for the Dover Middle School from 2013 until her termination on June 30, 2024. Previously, she had served as co-principal of the Dover Middle School beginning in 2010. She began her employment as an educator with the defendant in or around 1995 and was continuously employed by the defendant from 1995 until her termination on June 30, 2024.

6.     Ms. Lyndes was qualified for her position, and she received accolades for her performance.

7.     The National Association of Elementary School Principals honored Ms. Lyndes as a National Distinguished Principal in 2016.

8.     The Superintendent of the Dover School District singled Ms. Lyndes out for praise in a March 30, 2023, letter, writing: "I am grateful for your leadership and management during these challenging times. I am confident that with your continued dedication and commitment to school's success…[you] will continue to provide an exceptional learning environment for all students."

9.     In a Mid-Year Evaluation for Ms. Lyndes signed by the Superintendent on February 14, 2024, the Superintendent repeatedly praised Ms. Lyndes' performance. The Superintendent wrote, among other things: "The list of…professional successes you've mentioned demonstrates your commitment to enhancing the educational experience at [Dover Middle School]"; "your leadership and commitment to continuous improvement…will undoubtedly enhance the effectiveness and supportiveness of the educational environment at [Dover Middle School]; "Keep up the excellent work…."; and "With over twenty years of service, you have had the opportunity to witness the evolution of Dover Middle School across generations of students."

10. Ms. Lyndes has suffered and continues to suffer from disabling impairments including depression and anxiety, substantially limiting her in major life activities such as thinking and concentrating.

11. On or about December 1, 2023, upon Ms. Lyndes' return from a brief vacation that the Superintendent had approved, the Assistant Superintendent came to Ms. Lyndes' office to berate her for having taken an unapproved vacation and for having missed a School Board meeting during her vacation. Ms. Lyndes corrected the Assistant Superintendent, telling her that the Superintendent had approved her vacation. Ms. Lyndes also advised the Assistant Superintendent that she had appropriately arranged for coverage at the School Board meeting. The Assistant Superintendent broached the issue of Ms. Lyndes' depression, asking Ms. Lyndes if she thought weekly meetings with her were called for. Ms. Lyndes said she did not think so.

12. On or about February 15, 2024, Ms. Lyndes attended a meeting with the Superintendent and the Assistant Superintendent in which she acknowledged that her symptoms of depression were such that she only functioned to work and that she went to bed at the end of the workday.

13. On or about February 16, 2024, Ms. Lyndes attended a visit with her health care provider regarding her depression and anxiety. Ms. Lyndes' health care provider recommended that she exercise her right to FMLA leave for her serious health condition.

14. Early the week of February 19, 2024, Ms. Lyndes disclosed to an Assistant Principal that her health care provider had recommended she take leave.

15. On or about February 21, 2024, Ms. Lyndes wrote to Superintendent Harbron and Assistant Superintendent Boston, telling them that she had contacted her doctor and that she hoped

3

to have "more information" for them at a February 23, 2024, meeting that had been scheduled in follow-up to the February 15, 2024, meeting.

16.     On or about February 22, 2024, Ms. Lyndes' health care provider completed a Certification of Health Care Provider form estimating that Ms. Lyndes would be incapacitated due to a serious health condition from March 4, 2024, through May 4, 2024.

17.     At the February 23, 2024, meeting, the Superintendent notified Ms. Lyndes that the defendant would not be renewing her employment contract and that her employment would terminate on June 30, 2024.

18.     Ms. Lyndes handed the Superintendent her February 22, 2024, Certification of Health Care Provider form. Ms. Lyndes explained to the Superintendent and the Assistant Superintendent that her health care provider had recommended that she take leave to focus on treatment, from March 4, 2024, through May 4, 2024. Ms. Lyndes asked whether the decision not to renew her contract might be reconsidered following her return from leave. "No," the Superintendent replied.

19.     The defendant has discriminated against Ms. Lyndes because of her disabling impairments, and because of her record of having disabling impairments, by non-renewing her employment contract.

20.     Ms. Lyndes filed a Charge of Discrimination with the New Hampshire Commission for Human Rights on or about April 18, 2024. Exhibit A.

21.     Ms. Lyndes received a Notice of Right to Sue from the U.S. Department of Justice on August 26, 2025. Exhibit B. This lawsuit is filed within 90 days of Ms. Lyndes' receipt of the Notice of Right to Sue, as required.

# COUNT I

**(Disability Discrimination in Violation of Americans With Disabilities Amendments Act (ADAAA) and RSA 354-A)**

22. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

23. At all times relevant to this action, Ms. Lyndes suffered from disabling impairments and also had a record of suffering from disabling impairments.

24. Ms. Lyndes was a qualified individual with a disability at relevant times, meaning that she could perform the essential functions of her job with reasonable accommodation, as demonstrated by the praise she received throughout her lengthy career and in the Mid-Year Evaluation signed by the Superintendent only nine (9) days before he notified her of her firing.

25. The defendant committed disability discrimination by not renewing Ms. Lyndes' contract because she suffered from disabling impairments and because she had a record of disabling impairments.

26. As a direct and proximate result of the defendant's disability discrimination, the plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus attorney's fees, interest and costs.

27. In addition, the plaintiff is entitled to enhanced compensatory damages under RSA 354-A:21-a based on the defendant's willful or reckless disregard of the plaintiff's rights protected by RSA 354-A.

WHEREFORE, the plaintiff Kimberly R. Lyndes respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

  B. Find the defendant liable for disability discrimination in violation of the Americans With Disabilities Amendments Act and RSA 354-A;

  C. Award the plaintiff damages for lost wages, lost employment benefits and lost earning capacity;

  D. Award the plaintiff compensatory damages for emotional distress, humiliation, inconvenience, and loss of enjoyment of life;

  E. Award the plaintiff enhanced compensatory damages;

  F. Award the plaintiff reasonable attorney's fees;

  G. Award the plaintiff interest and costs; and

  H. Grant such other and further relief as is just and equitable.

Respectfully submitted,
KIMBERLY R. LYNDES
By her attorneys,
DOUGLAS, LEONARD & GARVEY, P.C.

Date: November 24, 2025  By: /s/ Benjamin T. King
              Benjamin T. King, NH Bar #12888
              14 South Street, Suite 5
              Concord, NH 03301
              (603) 224-1988
              benjamin@nhlawoffice.com